IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            No. CV 14-0101 JH/LAM
                                                  CR 07-0787 JH

JACOB RAMON SILVA,

    Defendant.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

    This matter comes before the Court, *sua sponte* under rules 4(b) and 11(a) of the Rules Governing Section 2255 Proceedings, on Defendant's Motion Seeking Habeas Corpus Relief Under 28 U.S.C. § 2255(f)(1) thru (4) (CV Doc. 1; CR Doc. 67) filed on February 5, 2014. This is Defendant's second § 2255 motion, and the Court will dismiss the motion for lack of jurisdiction.

    On February 11, 2009, this Court entered judgment (CR Doc. 40) on Defendant's conviction, and on June 14, 2010, the Court of Appeals for the Tenth Circuit affirmed the conviction and sentence (CR Doc. 55). On February 22, 2011, the Supreme Court denied Defendant's petition for writ of certiorari (CR Doc. 57), at which time his conviction became final. *See United States v. Willis*, 202 F.3d 1279, 1281 (10th Cir. 2000). Defendant filed a first § 2255 motion (CR Doc. 58) on February 21, 2012, which the Court denied (CR Doc. 63) on the merits. Defendant then filed the instant motion challenging his sentence.

    The Court calculated Defendant's sentence, in part, under the Armed Career Criminal Act for prior convictions of violent felonies. Defendant now asserts that, under the Supreme Court's recent ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013), two of his prior convictions were not violent felonies. In *Descamps* the Court ruled that "sentencing courts may not apply the

modified categorical approach when the [prior] crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. Defendant claims that *Descamps* announced a new rule of substantive criminal law which applies retroactively, allowing him to pursue a second collateral attack on his sentence.

Because Defendant's first § 2255 motion was denied on the merits, the instant motion is a second or successive motion. *See United States v. Garcia-Rodriguez*, 516 F. App'x 704, 706 (10th Cir. 2013). Under § 2255(h), Defendant may not prosecute a second motion unless it has been "certified . . . by a panel of the appropriate court of appeals." A second or successive § 2255 motion filed in this Court must be transferred to the Court of Appeals for certification or dismissed for lack of jurisdiction.

> When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court of Appeals for the Tenth Circuit has noted several factors that a district court should consider in determining whether to transfer or dismiss an initial pleading. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re Cline*, 531 F.3d at 1252. These factors are whether (1) the § 2255 motion would be time-barred at this point, *see Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000); (2) the movant's claims "are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4; and (3) the movant filed the motion in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).

Under the second *Trujillo* factor, the Court will dismiss Defendant's motion because his claims do not have merit. Central to Defendant's motion is his contention that the decision in

*Descamps* announced a new rule of constitutional law that retroactively applies to his sentence. *See* § 2255(h)(2). To the contrary, "*Descamps* concerns a matter of statutory interpretation as to whether a certain crime qualifies as a violent felony under the ACCA, and it did not announce a new rule of constitutional law." *United States v. Glover,* Nos. 05-CR-0111-CVE, 13-CV-0472-CVE-FHM, 2013 WL 4097915, at *3 (N.D. Okla., Aug. 13, 2013), *quoted in Glover v. Fox*, --- F. App'x ----, 2013 WL 6645425, at *2 (10th Cir. Dec. 18, 2013). Furthermore, "[t]he Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review." *Strickland v. English,* No. 5:13-cv-248-RS-MT, 2013 WL 4502302, at *8 (N.D. Fla. Aug. 22, 2013). Defendant's motion satisfies neither of the requirements in § 2255(h)(2), and thus the referenced rulings in *United States v. Glover,* 2013 WL 4097915; *Glover v. Fox*, 2013 WL 6645425; and *Strickland v. English*, 2013 WL 4502302, weigh conclusively in favor of dismissing rather than transferring Defendant's § 2255 motion. The Court will dismiss the motion for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right. The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Seeking Habeas Corpus Relief Under 28 U.S.C. § 2255(f)(1) thru (4) (CV Doc. 1; CR Doc. 67) filed on February 5, 2014, is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE